Filed 4/25/25  Wilcox v. Molina Healthcare CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MAURILIO WILCOX, | B334728 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV07894) |
| v. | |
| MOLINA HEALTHCARE, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge. Affirmed.

Employees First Labor Law, Jonathan P. LaCour and Lisa Noveck for Plaintiff and Appellant.

Manning & Kass Ellrod, Ramirez, Trester, Al M. De La Cruz and Mark R. Wilson for Defendant and Respondent.

# INTRODUCTION

When Maurilio Wilcox did not return to work after his approved medical leave expired on August 4, 2020, Molina Healthcare, Inc. (Molina) terminated his employment. Wilcox sued Molina for disability-related causes of action under the Fair Employment and Housing Act (FEHA). After trial, a jury returned a special verdict, and the trial court entered judgment in favor of Molina based on the jury's factual findings.

On appeal, Wilcox argues he is entitled to a new trial because of inconsistent factual findings by the jury. The jury found that Wilcox requested a reasonable accommodation for a physical condition. It also found that Molina was unaware of Wilcox's physical condition. Wilcox asserts that these positions are inherently inconsistent. Wilcox does not rely on any facts to support his position. Indeed, neither the record nor argument on appeal discloses the specific physical condition from which Wilcox suffered. Nonetheless, Wilcox argues that a jury can never find an employer is unaware of an employee's physical condition if it also finds that the employee requested a reasonable accommodation for that physical condition.

We disagree with Wilcox. A request for a reasonable accommodation does not necessarily impart knowledge to the employer that the employee does, in fact, suffer from any specific physical condition that limits a major life activity.[1] In fact, the

---

[1] A qualifying physical disability under FEHA is one that limits a major life activity. (Gov. Code., § 12926, subd. (m)(1)(B).)

2

limited record before us supports the jury's findings.[2] Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We limit our recitation of the facts to those necessary to provide context for the narrow issue we are deciding in this appeal.

Wilcox worked for Molina until he was terminated in August 2020. In May of that year, Wilcox's doctor completed an "ADA Medical Assessment Form." The form stated Wilcox required a leave of absence until August 4, 2020, which, according to the doctor, would "[allow Wilcox] to improve [his] condition possibly[.]" The form did not specify the physical condition that required an accommodation.[3]

The following month, Wilcox contacted Molina's Human Resources Department and expressed a desire to return to work

---

2      Perhaps because Wilcox makes only a legal argument not premised on any facts, Wilcox provided us with a truncated record on appeal (i.e., only some of the trial testimony, no closing arguments, and no trial exhibits).

3      It appears the form was hastily completed. In response to question number 5 on the form asking whether the employee has a physical or mental impairment, the doctor checked the box next to the word "no." Underneath the checked box, the doctor wrote Wilcox is "unable to work until 8/4/2020." Then, in response to question number 6, which is only supposed to be answered if the answer to question number 5 is "yes," the doctor checked the box next to "yes" in response to whether the employee's impairment substantially limits one or more major life activities. Those major life activities included, according to the doctor, bending, lifting, performing manual tasks, reaching, sitting, walking, working, and musculoskeletal.

3

early on a reduced schedule.  Then, on July 6, 2020, Molina received a doctor's note dated July 1, 2020 specifying the requested reduced schedule: Wilcox could work 6 hours per day, with three 10-minute breaks in addition to his lunch break.  No other details were provided.  The note did not identify the physical condition that required accommodation, and did not indicate when the restriction would end.

On July 30, 2020, Molina informed Wilcox that it could not accommodate his proposed reduced work schedule and asked Wilcox to confirm he would be returning to work on August 4, 2020.  Molina further noted that a "return to work clearance note" from his doctor was required before his return date.  When Wilcox neither submitted a clearance note nor returned to work, Molina terminated his employment.

Wilcox sued Molina for several causes of action under FEHA, including failure to accommodate a disability, failure to engage in the interactive process, disability discrimination, retaliation, and wrongful discharge.  After a nearly three-week trial, a jury returned a special verdict.  As relevant here, the jury made the following findings.  As to the failure to accommodate cause of action, the special verdict form stated: "Did [Molina] know of [Wilcox]'s physical condition?" The jury responded "[n]o." As to the failure to engage in the interactive process cause of action, the form stated: "Did [Wilcox] request that [Molina] make a reasonable accommodation for his physical condition so that he would be able to perform the essential job requirements?"  The jury responded "[y]es."  The jury further found, however, that Molina did not fail to participate in a timely, good-faith interactive process with Wilcox to determine whether reasonable accommodation could be made.  And on the disability

4

discrimination cause of action, the form stated: "Did [Molina] know that [Wilcox] had a physical condition that limited his major life activities?" The jury responded "[n]o." Based on these factual findings, the trial court entered judgment in favor of Molina.

Wilcox timely appealed from the judgment.

## DISCUSSION

"[A] special verdict is that by which the jury find the facts only, leaving the judgment to the Court. The special verdict must present the conclusions of fact as established by the evidence, and not the evidence to prove them; and those conclusions of fact must be so presented as that nothing shall remain to the Court but to draw from them conclusions of law." (Code Civ. Proc., § 624.)

"'Inconsistent verdicts are "'against the law'" and are grounds for a new trial.'" (*City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 682 (*Horton*).) "'The inconsistent verdict rule is based upon the fundamental proposition that a factfinder may not make inconsistent determinations of fact based on the same evidence.'" (*Ibid.*) "An inconsistent verdict may arise from an inconsistency between or among answers within a special verdict [citation] or irreconcilable findings." (*Ibid.*) Whether a jury's special verdict findings are inconsistent with each other is a legal question that we review de novo. (*Oxford v. Foster Wheeler LLC* (2009) 177 Cal.App.4th 700, 707.)

Wilcox contends the jury's findings are inconsistent. Without citation to authority, he argues that because the jury found Molina knew Wilcox requested accommodations for his physical condition, Molina "necessarily knew that [Wilcox] indeed

5

had a physical condition." Thus, according to Wilcox, the jury could not have simultaneously concluded that he requested an accommodation for his physical condition and that Molina did not know about his physical condition.

But that is not the law. That an employee requests an accommodation based on an unspecified physical condition does not mean the employer knows that the employee suffers from a physical disability within the meaning of FEHA. (See, e.g., *Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1166-1167 [an employer's duty to accommodate an employee's disability is not triggered until the employer knows of the disability and "'"[v]ague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the [FEHA]"'"].) This is so, among other reasons, because "'[n]ot every illness qualifies as [a] disability.'" (*Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1249.) Accordingly, doctors' notes that fail to identify a specific disability or its extent or duration may be insufficient to put an employer on notice of an employee's disability. (See *Doe v. Department of Corrections & Rehabilitation* (2019) 43 Cal.App.5th 721, 739 [a doctors' note was insufficient to put an employer on notice of disability when the note failed to identify a specific disability, its extent, or its duration].)

Here, the record supports the jury's finding that Molina did not know Wilcox suffered from a qualifying physical condition under FEHA. Based on Wilcox's doctor's notes, Molina's knowledge was limited to the following: (1) Wilcox was suffering from an unspecified medical condition that required him to be off work until August 4, 2020; and (2) Wilcox could return to work

6

before August 4, 2020 if Molina could accommodate his request for a reduced work schedule.  Thus, Molina neither knew the physical condition Wilcox was suffering from nor that such condition would last beyond August 4, 2020.  Moreover, Wilcox neither claims, nor points us to evidence in the record demonstrating, that he told Molina anything specific about his physical condition.  Even on appeal, Wilcox fails to provide any details regarding his medical condition.  He refers to it only as a "physical condition."  Accordingly, a jury could reasonably—and consistently—conclude that Wilcox requested an accommodation (in the form of medical leave until August 4, 2020 and/or a reduced work schedule if he returned before August 4, 2020) but Molina did not know that he suffered from a physical condition within the meaning of FEHA or that his condition would last beyond August 4, 2020.

Wilcox cites to several disanalogous cases.  In those cases, the jury findings were in direct conflict with each other.  (See, e.g., *Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1345 [the jury's findings were irreconcilable because they implied plaintiff "was an at-will employee and that he was not"]; *Lambert v. General Motors* (1998) 67 Cal.App.4th 1179, 1183-1184, 1186 [the jury inconsistently found there was no defect in the design of the car and defendant negligently designed that car]; *Horton, supra*, 126 Cal.App.4th at pp. 681-682 [the jury rendered inconsistent special verdict findings by implicitly finding the same property had two different fair market values].)  Here, the jury's findings are reconcilable for the reasons discussed above.  Accordingly, a new trial is not warranted.

7

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.[4]

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

DAUM, J.[5]

We concur:

ZUKIN, Acting P. J.

COLLINS, J.

---

4     "An appellate court may not award costs or fees on appeal to a prevailing FEHA defendant without first determining that the plaintiff's action was frivolous, unreasonable, or groundless when brought, or that the plaintiff continued to litigate after it clearly became so." (*Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 950-951.) Molina, a prevailing FEHA defendant, has not asked us to determine that Wilcox's action was at any point frivolous, unreasonable, or groundless.

5     Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.